Green, J.
delivered the opinion of the court.
The defendant was indicted in the Robertson circuit court, for an assault with intent to commit a rape. The indictment contains three counts. In the first, he is charged with an assault upon Sarah Jane Moody, a female of the age of' six years, with intent to commit a rape. The second count charges, that the defendant made an assault upon Sarah Jane Moody, a white girl of the age of six years, with intent to commit a a rape. And the third count charges, “that Sydney, a negro boy slave, the property of JohnKrisel, on the 12th day of September, 1841, with force and arms, at the county aforesaid, in and upon one Sarah Jane Moody, a free white woman of the age of six years, in the peace of God and our said State, then and there being, violently and feloniously, did then and there make an assault, with the intent then and thereto ravish and abuse.”
To this indictment the defendant demurred, which demurrer was sustained by the circuit court, and the Attorney General, in behalf of the State, appealed to this court.
This indictment is framed under the act of 183§, ch. 19, sec. 10, which enacts that “any slave or slaves, who shall commit an assault and battery upon any free white person with intent to commit murder, in the first degree, or a rape upon a free white woman, shall, on conviction, be punished with death by hanging.”
The first count of this indictment is clearly bad. as it does not charge that the female, upon whom the assault was committed was white. And as this offence is charged to-have been committed before the passage of the act of 1841-2, ch. 193, (sess. *479 acts 23 1) the second count, which charges the offence to have been committed upon “a white girl, of the age of six years,” is also clearly bad.
The only question therefore deserving of consideration is the charge contained in the third count of the indictment.
This count alledges, that the female upon whom the assault was committed, was “a free white woman of the age of six years.” And the only question is, whether a female infant only six years old, is a woman, within the meaning of the statute.
In, construing this statute, we must .take all the Legislative enactments upon the subject into view, and regard them as one statute. ■ For as the Legislature must be supposed to have had all the previous enactments upon the subject in their minds, when the law under consideration was passed, we must give the law such an interpretation as will naturally flow from such a view of the subject. By the 13th sect, of the act of 1829, ch. 23, rape is defined to be the “unlawful carnal knowledge of a woman, forcibly and against her will.” The 15th sec. of the same act, provides that, “If any person shall unlawfully and carnally know and abuse any female child, under the age of ten years, he shall undergo confinement in the jail and penitentiary house, not less than ten nor more than twenty one years.” Then comes the act of 1835, under consideration, which provides in substance, that if any slave shall commit an assault and battery with an intent to commit a rape upon any free white woman, he shall be punished with death by hanging. In the first of these provisions, rape is said to be the carnal knowledge of a woman against her will. In the second, the carnal knowledge or abuse of a female child under the age often years, is punished as rape without reference to the wifi of the female, so abused.
Now, here is a manifest distinction taken between a woman, and a female child: and if another section of the same law had immediately succeeded these, and had provided a penalty for an assault with intent to ravish a woman of six years of age, could not have been supported. • In that case the statute would have so clearly explained the sense of the words used, as to remove all doubt. In the first place, providing a punishment for a rape upon a woman, then for the carnal knowledge and abuse *480 of a child under ten years, and lastly, for an assault with intent to ravish a woman, it would have been clearly seen, that woman, in the first and third provisions had the same meaning, and that such meaning was, a female over ten years age. But, as has been said, the act of 1829, and the act of 1835, are to be construed in pari materia, and have the same meaning as though all the provisions were in the same statute.
We are forced therefore to the conclusion, that the Legislature did not mean, by the word woman, in the act 1835, under consideration, a child under the age of ten years. This view of the case renders it unnecessary to go into an examination of the common law meaning of the \frord “rape,” to show that it was never applied to the carnal knowledge of a child under ten years, either with or without her consent.
The demurrer must be sustained and the judgment affirmed.